# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DERRICK DEON VINCENT,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 2:10-CV-01991-JCM-(RJJ)

**ORDER**

    Petitioner has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court finds that petitioner is unable to pay the filing fee.  The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The court will dismiss one ground, and the court will serve the petition upon respondents for a response.

    In the Eighth Judicial District Court of the State of Nevada, petitioner was convicted of robbery and failing to stop on the signal of a police officer.  Petitioner appealed, and the Nevada Supreme Court affirmed.  Petitioner then commenced this action.

    Ground 1 is a claim that the state violated petitioner's right to a speedy trial, guaranteed by the Sixth Amendment.  Respondents will need to respond to this ground.

    Ground 2 is a claim that the trial court erred when it denied petitioner's motion to dismiss the prosecution because he was not brought to trial within the time allotted by Nev. Rev. Stat. § 178.495.  First, § 178.495 was repealed in 1967.  1967 Nev. Stat. 1472.  The current state law provides, in relevant part, "If a defendant whose trial has not been postponed upon the defendant's

application is not brought to trial within 60 days after the arraignment on the indictment or information, the district court may dismiss the indictment or information." Nev. Rev. Stat. § 178.556(1).  Second, petitioner is claiming that the trial court violated state law.  "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."  Pulley v. Harris, 465 U.S. 37, 41 (1984).  To the extent that petitioner claims that the district court's denial of his motion to dismiss violates the right to a speedy trial guaranteed by the Sixth Amendment, ground 2 is redundant because petitioner raises the same claim in ground 1.  The court will dismiss ground 2.

Petitioner has submitted a motion for the appointment of counsel (#2).  Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d at 954.  After reviewing the petition, the court finds that appointment of counsel is not warranted.

Petitioner has submitted a letter to the clerk (#3) that was docketed as a motion for copies.  Petitioner asks the court to serve the petition upon the respondents.  The court would do this pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts even if petitioner did not ask, and the court grants this motion.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that ground 2 of the petition is **DISMISSED**.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition.  In addition, the clerk shall return to petitioner a copy of the petition.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition.  If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents.  The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

IT IS FURTHER ORDERED that petitioner's motion for the appointment of counsel (#2) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for copies (#3) is **GRANTED**.

DATED:  January 24, 2011.

_____
JAMES C. MAHAN
United States District Judge