# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DERRICK DEON VINCENT,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 2:10-CV-01991-APG-NJK

**ORDER**

    Before the court are petitioner's motion for relief from judgment (#37) and respondents' opposition (#38). The court finds that petitioner is not entitled to relief, and the court denies the motion.

    The petition in this action originally contained two grounds. Ground 2 was a claim that petitioner's trial was held in violation of the sixty-day rule of Nev. Rev. Stat. § 178.556. The court dismissed that ground because it was a claim of a state-law violation that was not addressable in federal habeas corpus. Ground 1 was a claim that petitioner's trial was held in violation of his federal constitutional right to a speedy-trial. The court denied this ground on its merits, ruling that the Nevada Supreme Court's determination on the same issue was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1).

    Petitioner did not keep the court informed of his mailing address. The court's order denying the petition was returned in the mail. Petitioner filed a notice of appeal around a year and a half after entry of the judgment, and the court of appeals dismissed the appeal because it was untimely.

Petitioner first argues that the state district court admitted that the prosecutor was solely at fault for the delay in his trial. Nonetheless, the state district court allowed the trial to proceed, and petitioner was convicted. The Nevada Supreme Court held that almost all of the delay was due to the unanticipated need to replace petitioner's counsel and to allow new counsel to become familiar with petitioner's case. This court's review was limited to finding whether the Nevada Supreme Court's determination was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Petitioner has not given the court any reason to depart from its earlier ruling.

Petitioner next argues that the state district court allowed a juror to become active in the case, because she is the sister of the police officer involved in this case. This claim appeared nowhere in the petition, and petitioner cannot raise a new ground for relief in a motion for relief from the judgment.

IT IS THEREFORE ORDERED that petitioner's motion for relief from judgment (#37) is **DENIED**.

DATED: 4/6/16

ANDREW P. GORDON
United States District Judge